## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| United States of America<br><br>v.<br><br>Eric Thomas Scionti | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>No. CR-23-00600-001-PHX-JJT<br><br>Myles Albert Schneider (CJA)<br>Attorney for Defendant |
|---|---|

USM#: 68140-510

**THE DEFENDANT ENTERED A PLEA OF** guilty on 10/3/2024 to Count 1 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §922(g)(1) and 924(a)(8), Possession of a Firearm and Ammunition by a Prohibited Person, a Class C Felony offense, as charged in Count 1 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **FORTY-ONE (41) MONTHS**, with credit for time served. This term shall be served concurrently to the term of imprisonment imposed in CR-24-00890-PHX-JJT. The Court recommends that the Bureau of Prisons place the defendant in the Residential Drug Abuse Treatment Program. The Court also recommends that the Bureau consider designating the defendant to the District of Arizona or the Southwest District, if it is otherwise consistent with the primary recommendation of placement in the Residential Drug Abuse Treatment Program. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS.** This term shall be served concurrently to the term of imprisonment imposed in CR-24-00890-PHX-JJT.

**IT IS FURTHER ORDERED** that defendant's interest in the following property shall be forfeited to the United States: a Keltec, CNC Industries, Inc., SU 16 5.56 mm rifle, bearing serial number NCU36; a Czechoslovakia, VZ52 7.62 x 39 mm rifle, bearing serial number B31023; a Zastava, M57 7.62 x 39 mm pistol, bearing serial number M57-001604; a Beretta, Pietro S.P.A., 1951 9 mm pistol, bearing serial number 26906; a Ceska Zbrojovka, CZ82 9 mm pistol, bearing serial number 090703CZ; and 1,826 rounds of ammunition of various calibers and from various manufacturers.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $100.00     **FINE:** WAIVED     **RESTITUTION:** N/A

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

Case 2:23-cr-00600-JJT     Document 69     Filed 02/18/25     Page 2 of 6

CR-23-00600-001-PHX-JJT                                                                     Page 2 of 6
USA vs. Eric Thomas Scionti

The defendant shall pay a special assessment of $100.00 which shall be due immediately.
The defendant shall pay a total of $100.00 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payments of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $25.00 over a period of 4 months to commence 60 days after the release from imprisonment to a term of supervised release.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 1 of the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

### MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.

### STANDARD CONDITIONS

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation

Case 2:23-cr-00600-JJT    Document 69    Filed 02/18/25    Page 3 of 6

CR-23-00600-001-PHX-JJT                                                                                                    Page 3 of 6
USA vs. Eric Thomas Scionti

       officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13) You must follow the instructions of the probation officer related to the conditions of supervision.

Case 2:23-cr-00600-JJT    Document 69    Filed 02/18/25    Page 4 of 6

CR-23-00600-001-PHX-JJT                                                                                               Page 4 of 6
USA vs. Eric Thomas Scionti

**SPECIAL CONDITIONS**

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You must participate as instructed by the probation officer in a program of substance abuse treatment, which may include testing for substance abuse. If substance use treatment includes inpatient treatment and you object, the probation officer must seek court authorization first. You must contribute to the cost of treatment in an amount to be determined by the probation officer.
2. You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer.
3. You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.
4. You must submit your person, property, house, residence, vehicle, papers, laptop and desktop computers, cell phones, tablets, and other communications and data storage device(s) or media, including thumb drives, CDs, and DVDs, to search at any time, with or without a warrant. A probation officer may conduct a search pursuant to this condition only in the lawful discharge of the officer's supervision functions or when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer, device, or media contains evidence of this violation. Failure to submit to a search may be grounds for revocation of release. You must consent to and cooperate with the seizure and removal of any hardware, software, and/or data storage media for further analysis by law enforcement or the probation officer. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must warn any other people who use these computers, cell phones, tablets, and other communications and data storage device(s) or media that the devices may be subject to search and seizure pursuant to this condition.
5. You must participate in a mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer. You must contribute to the cost of treatment in an amount to be determined by the probation officer.
6. You must reside at and participate in a Residential Reentry Center, a residential substance abuse treatment program, a sober-living environment, or any combination thereof as approved and directed by the probation officer for up to 180 days, unless discharged earlier by the probation officer. You must follow all rules and regulations. You must contribute to programming costs in an amount determined by the probation officer.
7. To the extent the probation officer determines you are reasonably able to pay the costs of doing so, you must participate in an approved program for domestic violence.

Case 2:23-cr-00600-JJT   Document 69   Filed 02/18/25   Page 5 of 6

CR-23-00600-001-PHX-JJT                                                                 Page 5 of 6
USA vs. Eric Thomas Scionti

8. You must not interact or possess any pigeons.
9. You must not use or possess alcohol or alcoholic beverages.
10. You must cooperate in the collection of DNA as directed by the probation officer.
11. You must not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms or other environment which allows for interaction with others without prior written permission from the probation officer.
12. You must not possess any device capable of capturing and/or storing an image, or video recording device without the prior written permission of the probation officer.
13. You must consent, at the direction of the probation officer, to having installed on your computer(s) (as defined at 18 U.S.C. § 1030(e)(1), including internet capable devices), at your own expense, any hardware or software systems to monitor your computer use.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Tuesday, February 18, 2025**

Dated this 18th day of February, 2025.

Honorable John J. Tuchi
United States District Judge

Case 2:23-cr-00600-JJT   Document 69   Filed 02/18/25   Page 6 of 6

CR-23-00600-001-PHX-JJT                                          Page 6 of 6
USA vs. Eric Thomas Scionti

**RETURN**

I have executed this Judgment as follows:

defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

_____                    By:   _____
United States Marshal                                    Deputy Marshal

CR-23-00600-001-PHX-JJT- Scionti        2/18/2025 - 9:11 AM